■ SIEGFRIED S. MEYERS, Appellant, v. STATE OF NEW YORK, Respondent. — Appeal from an order and judgment of the Court of Claims dismissing claimant's claim on the ground that it did not state a cause of action. Claimant, the holder of a Ph. D. in physics, at the direction of his employer, the Board of Education of the City of New York, and in co-operation with the New York State Department of Education delivered between September 21, 1959 and June 10, 1960 some 98 live television lectures and demonstrations on physics over station WPIX in New York City. In addition claimant prepared a 106-page Study Guide Manual for use in connection with such broadcasts, the preparation of which he alleges consumed 200 days. Since he was on the payroll of the Board of Education he was not paid additionally for this work, except the sum of $350 which was for preparation of the manual. Unbeknown to claimant and without his permission at least some of his lectures and demonstrations were recorded in a manner to permit rebroadcast, allegedly under the auspices and direction

of the State Department of Education. When he found out about the tapes, claimant demanded their destruction and the department refused. Claimant then brought an action in Supreme Court, New York County, to secure the destruction of the tapes but that court held it had no jurisdiction over the subject matter. No appeal was taken from this determination and instead claimant brought the instant claim which was dismissed by the Court of Claims. Claimant does not contend that the Department of Education has as yet utilized, sold or otherwise disposed of the tapes, but rather it would seem claimant predicates his right to damages on the grounds that the pursuit of his professional activities is impaired as long as the tapes are extant, even if they are not utilized. We concur with the Court of Claims that this is too nebulous an assertion to constitute a valid claim. Judgment and order unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.